UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| GERALD FALKE and MARLENE FALKE, 12821 Oak Hill Avenue, Hagerstown, Maryland 21742, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFELOCK, INC., a Delaware Corporation; RICHARD TODD DAVIS, a citizen of the State of Arizona, 60 East Rio Salado Parkway, Tempe, Arizona 85281, and JOHN DOES 1 through 10, Inclusive,<br><br>Defendants. | Civil Action No. _____<br><br>Case No. 21-C-08-30505 CN Removed from the Circuit Court for Washington County, Maryland |

## NOTICE OF REMOVAL

Defendant LifeLock, Inc. ("LifeLock") by and through the undersigned attorneys, hereby files this Notice of Removal, removing this case from the Circuit Court for Washington County, Maryland, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, to the United States District Court for the District of Maryland, Northern Division, and respectfully represents and states as follows:

1. Defendant Richard Todd Davis ("Davis") (LifeLock and Davis are hereafter referred to collectively as "Defendants") formally joins in this removal.

2. Plaintiffs Gerald Falke and Marlene Falke ("Plaintiffs") filed a new action against Defendants on or about April 17, 2008, in the Circuit Court for Washington County, Maryland, by way of Class Action Complaint, entitled *Gerald Falke and Marlene Falke, Individually and on behalf of all others similarly situated v. LifeLock, Inc., a Delaware Corporation; Richard*

*Todd Davis, a citizen of the State of Arizona, et al.*, Docket No. 21-C-08-30505 CN ("Plaintiffs' Action"). No other process, pleadings, documents or orders have been served on Lifelock. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 103.5 of this Court, a true copy of the Summons and Class Action Complaint filed on April 17, 2008, is attached hereto as **Exhibit A**.

3. Defendants were each served with a Summons and the Class Action Complaint on or about April 23, 2008.

4. This case is removable to the United States District Court, pursuant to 28 U.S.C. §§ 1331 and 1441, in that this Court has original subject matter jurisdiction over this action for the following reasons. 28 U.S.C.§ 1331 provides that the district courts shall have original jurisdiction over all civil actions arising under the Constitution and/or laws of the United States.

5. Plaintiffs' Action alleges, *inter alia*, that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and that these alleged violation(s) serve as a predicate act for a finding of deceptive acts and practices under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §13-301, *et seq.* (the "MCPA") (*See* Exhibit A, ¶¶ 102-121). Although Plaintiffs do not specifically plead a federal question cause of action pursuant to the Fair Credit Reporting Act, federal question jurisdiction exists pursuant to §1331 because Plaintiffs' MCPA claim raises a threshold and critical, actual and disputed, substantial federal issue -- whether Defendants have violated the FCRA. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363 (2005). In *Grable*, the question presented to the Court was "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. Finding that the plaintiff premised its state claim based upon federal law, the *Grable*

Court held that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 315. The same rule applies to the present matter -- the meaning and application of the FCRA is an important federal issue and sensibly belongs in federal court. Moreover, there are similar cases pending in, or presently being removed to, federal courts in other districts around the country, each involving allegations premised upon LifeLock's national advertising of its nationally available services and seeking determinations of law under the FCRA, including the matter captioned *Warren Pasternack and Susan Pasternack, et als. v. LifeLock, Inc., Richard Todd Davis, et als.*, Docket No. 08-CV-2098 (D.N.J.), originally brought in New Jersey State Court by the same counsel that has filed Plaintiff's Action, which has been removed to the District of New Jersey.

6. This case is also removable to the United States District Court, pursuant to 28 U.S.C. §§ 1332(d)(2)(A) and 1441, in that this Court has diversity of citizenship original subject matter jurisdiction over this action for the following reasons. Plaintiffs' Action is a class action in which any member of the class is a citizen of a State different from any defendant. Plaintiffs are citizens of Maryland, residing in Hagerstown, Maryland and purport to represent a class consisting of "[a]ll residents of the state of Maryland (including persons and business entities) that subscribed to LifeLock during the longest period permitted by the applicable statutes of limitations . . . ." *See* Exhibit A, ¶95. Defendant LifeLock is a Delaware corporation with its principal place of business located at 60 E. Rio Salado Parkway, Tempe, Arizona. Defendant Davis is a resident of Chandler, Arizona. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

7. As required by 28 U.S.C. 1446(b), this Notice of Removal is being filed within 30 days of receipt by Defendants, by service of process or otherwise, of the initial pleading in the

Circuit Court setting forth the claim for relief upon which such proceeding is based and which establishes the right to remove this action to this Court. By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses that they may have with respect to Plaintiffs' Action.

8. Upon filing this Notice of Removal, Defendants are also serving counsel for Plaintiffs and filing copies of this Notice of Removal with the Clerk of the Circuit Court for Washington County, Hagerstown, Maryland, to effect removal of this action to the United States District Court, pursuant to 28 U.S.C. §1446(d).

9. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a).

10. WHEREFORE, Defendants hereby removes this action now pending in the Circuit Court for Washington County, Maryland.

DATED: May 23, 2008

Respectfully submitted,

**LifeLock, Inc.**

BY: _____
David S. Panzer (Fed. Bar No. 14860)
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
Tel. (202) 331-3100
Fax. (202) 331-3101
panzerd@gtlaw.com

*Counsel for Defendants Lifelock, Inc. and Richard Todd Davis*

## CERTIFICATE OF SERVICE

On this 23rd day of May, 2008, I caused a copy of the foregoing Notice of Removal to be served upon the following by U.S. Mail, postage prepaid:

Spencer M. Hecht, Esq.
801 Wayne Avenue
Suite 400
Silver Spring, Maryland 20910

_____
Counsel